## DAVY vs. MORGAN.

Revenue and duty acts are not penal acts and to be construed strictly; nor are they, on the other hand, acts in favor of private rights and liberty, and therefore to be construed with extraordinary liberality. They are to be construed according to the true import and meaning of their terms; and the legislative intention, when ascertained, is to be the guide in interpreting them.

Where an agreement never had any revenue stamp affixed to it, and when it was offered in evidence and objected to on that ground, there was no offer to show that the proper stamp was omitted by mistake, inadvertence or ignorance of the requirement of the internal revenue act of 1865, or any other excuse given for the omission, and no offer was made to then affix the stamp; *Held* that the agreement was invalid, and was therefore properly excluded.

*It seems* that congress had as much right to provide for the forum to which the question of good faith should be submitted for decision, and to determine whether the instrument should be made valid, as it had to declare that without a stamp it should be void; and when it has declared that the omission may at any time, within a year, be obviated by a particular officer of its own appointment, no court can stand in the place of the legislature, and authorize it to be made valid in any other way.

In the absence of any adjudged cases declaring any of the laws of congress for raising internal revenue, or any of their provisions, to be void, it is too late for this court, after the usage of the power has so long continued, to question it now.

Where a contract of purchase and sale is made, in writing, which is void, the purchaser cannot be compelled to carry out the verbal agreement which resulted in the written instrument; nor can it be done where, originally, there was no need of the writing, because such a contract might be made by parol.

Although a contract may be good by parol, yet if the parties choose to make it in writing, when it is so made it is the only contract, and if that is void, all that preceded it, by parol, is void also. All the verbal arrangements pass into the writing, and if that does not change the title to the property, it remains in the vendor, unless the contract is performed.

An assignment of a patent cannot be made by parol. In order to be legal it must be in writing.

Where there is no valid transfer of the title to a patent, even though the purchaser, while supposing the assignment to be good, agrees to apply the price of it, in payment of an account against the vendor, such agreement will be void, for failure of consideration.

Davy *v.* Morgan.

APPEAL by the defendant from a judgment of the county court of Lewis county, affirming a judgment rendered against him in a justice's court.

The plaintiff claimed for goods, wares and merchandise sold to the defendant, for money had and received to the plaintiff's use, and for work, labor and services done by the plaintiff for the defendant at his request, and an account, amounting in all to $150. The answer denied, 1st. All the allegations of the complaint. 2d. That after the claims of the plaintiff accrued, the defendant paid him the sum of $90, in full of the plaintiff's claims, except $18, and that afterwards he paid the plaintiff $10, leaving only $8 due him 3d. A settlement with the plaintiff and a release of the claim; and, 4th. That the defendant, by a special contract, sold to the plaintiff all his interest in and to a patented invention or improvement for making and selling Walter's patent neaps in certain localities, within the State of New York, and that in and by the special contract the plaintiff agreed to pay the defendant the sum of $90 therefor, which the defendant claimed to recoup and set off. The defendant also offered to allow judgment to be entered against him for $8.13, with costs, pursuant to the Code. The cause was tried before the justice and a jury, but the jury failed to agree, and it was then submitted to the justice upon the evidence, who rendered a judgment in favor of the plaintiff for $101.13, with costs. The defendant appealed to the county court, upon questions of law only, where the judgment was affirmed, with costs, and the defendant appealed therefrom to this court.

The various questions raised before the justice, so far as they are material, are stated in the opinion.

*John M. Muscott*, for the appellant.

*A. J. Mereness*, for the respondent.

---

Davy *v.* Morgan. ·

---

FOSTER, J. It appeared on the trial, that the plaintiff worked for the defendant, between the 10th day of May and the middle of August, 1866, to an amount in all of about $125.25, and that before the middle of August the defendant paid him thereon the sum of $14.07, and that after that time, and before the commencement of this suit, he paid $10. And the important question in the case was, whether the defendant had paid to, or had a claim against the plaintiff to set off, or recoup, for the right to make and sell the patent neaps, which the defendant, in his answer, claimed to have sold to the plaintiff. And the points ruled on the trial, of which there were several, and on account of which the appeal was brought, so far as they were material, related to that question.

It was proved that on' the 8th day of August, 1866, the defendant executed and delivered to the plaintiff a written agreement, of which the following is a copy :

"Know all men by these presents, that I, Charles H. Morgan, of Turin, county of Lewis, and State of New York, in consideration of $500, received to my full satisfaction, of James W. Davy, of the town of Turin, county of Lewis, and State of New York, do hereby grant, bargain, sell and transfer unto the said' James W. Davy, and to his heirs and assigns, the exclusive right of making, using and vending, and also the right of authorizing others to make, use and vend my interest in connecting shafts or thills to sleighs, or neaps to wagons, in the counties of Lewis, Jefferson and St. Lawrence, in the State aforesaid, and not *elsewhere;* to have and to hold the same to the said James W. Davy and his heirs and assigns for and during the term of seventeen years from the 10th day of February, one thousand eight hundred and sixty-three, being the date of said patent; and I do hereby declare that I have full power and authority, under said patent, to sell and convey said right in manner aforesaid; that I and my heirs, executors and administrators, shall and will, by

Davy *v.* Morgan.

virtue of said patent, *warrant* the same to the said James W. Davy and his heirs, administrators and assigns, for and during the term aforesaid, against the claims of all persons under the said Walter, my heirs and assigns. And I do hereby give said James W. Davy and his heirs and assigns full power to bring suits against, and prosecute to final judgment, all persons infringing the said right, contrary to law, within the limits aforesaid.

In witness whereof I have hereunto set my hand and seal, this eighth day of August, A. D., 1866.

Witness, Orson Clark.          C. H. MORGAN. [L.S.]''

The defendant claimed that the true consideration of the agreement was $90. That it was to be applied on the account of the plaintiff, and that with the assent and direction of the plaintiff, the defendant then charged it to the plaintiff on his book as $90 cash. That at a settlement which took place on the 18th of August, 1866, that sum was allowed by the plaintiff to the defendant, and a balance was struck in favor of the plaintiff of about $18, upon which the above mentioned $10 was subsequently paid. The fact that $90 was charged to the plaintiff by the defendant was testified to by him, and that it was done with the assent of the plaintiff; and another witness testified to substantially the same thing. The defendant also testified that on the settlement, on the 18th of August, the $90 was included, which left the balance then due to the plaintiff about $18.

The plaintiff testified that he did not assent to the $90 being charged to him, and that he never allowed, or agreed to allow it, on settlement of accounts.

The agreement never had any internal revenue stamp affixed to it, and when the defendant offered to read it in evidence, the plaintiff objected to it for the reason that it had no such stamp, and was therefore void. The court sustained the objection, and excluded the instrument.

When the agreement was offered in evidence and objected to, there was no offer to show that the proper stamp was omitted by mistake, inadvertence or ignorance of the requirement of the internal revenue act of 1865, or any other excuse for the omission; and no offer was made to then affix the stamp; and so far as the construction of the act of congress is concerned, it presents the question whether a contract or agreement is valid, so as to entitle it to be read, when the party or parties fail to affix the stamp, without any excuse shown therefor. It is argued that the section of the act in regard to this subject, which imposes a penalty, and also declares the unstamped contract void, is penal, and is to be construed strictly.

"Revenue and duty acts are not, in the sense of the law, penal acts, and are not to be construed strictly; nor are they, on the other hand, acts in favor of private rights and liberty, and therefore to be construed with extraordinary liberality. They are to be construed according to the true import and meaning of their terms; and when the legislative intention is ascertained, that, and that only, is to be our guide in interpreting them." (*United States* v. *Breed,* 1 *Sumn. C. C.* 159.)

The language of the act of congress, as amended March 3d, 1865, and under which the agreement in question was made, is, "that any person or persons who shall make, sign or issue, or who shall cause to be made, signed or issued, any instrument, document or paper of any kind or description whatsoever, &c., without the same being duly stamped, or having thereupon an adhesive stamp for denoting the duty chargeable thereon, with intent to evade the provisions of this act, shall for every such offense forfeit the sum of $50, and such instrument, document or paper, &c., shall be deemed invalid and of no effect. And provided, further, that where it shall appear to the collector, upon oath or otherwise, to his satisfaction, that any such instrument has not been duly stamped at the time of making or

Davy *v.* Morgan.

issuing the same, by reason of accident, mistake, inadvertence or urgent necessity, and without any willful design to defraud the United States of the stamp duty, or to evade or delay the payment thereof, then and in such case, if such instrument shall within twelve calendar months after the making and issuing thereof, be brought to the said collector of revenue to be stamped, and the stamp duty chargeable thereon shall be paid, it shall be lawful for the said collector to remit the penalty aforesaid, and to cause such instrument to be duly stamped." It is unnecessary to determine, in a case where the power is given to the collector of revenue to remit the penalty and to stamp the instrument, as above provided, whether the court in which it is offered in evidence can exercise the same power, and by allowing the stamp to be affixed, to make the instrument valid, because there was no stamp attached to this agreement then, and no offer was made to attach it, and when it was rejected no proof had been offered in excuse for not stamping it when it was executed. Still I cannot doubt that congress had as much right to provide for the forum to which the question of good faith should be submitted for decision, and to determine whether the instrument should be made valid, as it had to declare that without the stamp the instrument should be void; and when it has declared that the omission may, at any time within a year, be obviated by a particular officer of its own appointment, I am not aware that any court can stand in the place of the legislature and authorize it to be made valid in any other way. But however this may be, no such attempt has been made, and I have no doubt the court below was correct in excluding the agreement, unless, as it is claimed, the section of the internal revenue act in question is void.

The power of raising revenue by means of stamp duties, similar to the case in question, has been exercised by congress from time to time since 1797, and it has passed many acts in relation thereto, to only two or three of which it is

Davy *v.* Morgan.

necessary to refer. In 1797, an act was passed to "lay duties on stamped vellum, parchment and paper," (*Statutes at Large, vol.* 1, *p.* 527,) by which it laid a stamp duty on a large class of instruments; and the 4th section of the act imposed a penalty far not stamping such instruments, and declared them void. The 13th section also required another large class of instruments to be stamped, and for the intentional omission to do so, imposed a penalty, and declared that no such instrument should be pleaded or given in evidence in any court, or be admitted in any court to be available in law or equity until it should be stamped as aforesaid. And that act continued in force about five years.

In 1813, (*Statutes at Large, vol.* 3, *p.* 77,) congress passed a similar act, to continue during the war with Great Britain, and for one year thereafter, embracing a large class of contracts. It imposed pecuniary penalties for violation of its requirements. It also (*see* § 7) declared " that no instrument or writing whatsoever, charged by this act with the payment of a duty as aforesaid, shall be pleaded or given in evidence in any court, or admitted in any court to be available in law or equity, unless the same shall be stamped or marked as aforesaid." And it also provided, as in the case of the section now under consideration, that the holder might apply to the collector, who, upon the terms therein imposed, might stamp the instrument and thus render it valid. By an act of 1816, that act was further continued in force.

I have not been able to find any adjudged case declaring any of the laws of congress for raising internal revenue, or any of their provisions, to be void. This being so, it is too late for this court, after such usage of the power has so long continued, to question it now. The contract, therefore, was properly rejected.

The defendant then offered to prove the parol agreement in regard to the sale and purchase of the patent right,

Davy *v.* Morgan.

and which resulted in the execution of the written agreement, and in reference to which the defendant himself had testified : " I made a bargain with the plaintiff in relation to selling him my interest in this patent neap. This contract made between us was in writing." And he also testified that the instrument above set forth was the writing. The evidence which he offered was objected to on the ground that whatever contract there was, was in writing, and the court excluded the parol evidence.

The counsel for the defendant contends that though the written agreement be void, it is competent to prove it by parol, for the reason that the transaction can be supported as a contract without the writing, provided the agreement can be proved by parol. And we are referred to several cases on that point.

Where one sells to another property by a contract in writing, which of itself passes no title, and the purchaser takes the possession and use of the property, although the written contract may be void for want of the requisite formalities, he may recover therefor upon a *quantum meruit*. So too where a party has received the property of another, and afterwards executes an agreement to pay therefor, which for any reason is void, it does not extinguish the previous good cause of action ; and although an action cannot be maintained on the note, or other written agreement to pay, it may be upon the original cause of action. But such is not the case here. The plaintiff repudiates the alleged purchase and refuses to have anything to do with it. And when a contract of purchase and sale is made in writing, which is void, the purchaser cannot be compelled to carry out the verbal agreement which resulted in the written instrument; nor can it be done where originally there was no need of the writing, because such a contract might be made by parol.

Although a contract may be good by parol, yet if the

Davy *v.* Morgan.

parties choose to make it in writing, when it is so made, it is the only contract, and if that is void, all that preceded it by parol is void also. All the verbal arrangements pass into the writing, and if that does not change the title to the property, it remains in the vendor, unless the contract is performed.

In this case, however, the contract could not be valid, if made by parol, but the assignment, to be legal, must have been in writing. (*Act of* 1793, *ch.* 11, §§ 4, 5; *and act of* 1800, *ch.* 25, § 3.)

As there was no valid contract for the patent right, either in writing or by parol, all the rulings of the justice upon evidence offered in regard to it were immaterial.

There was no valid transfer of the title to the patent, and even if the plaintiff had, while supposing it to be good, agreed to apply the price of it in payment of his account, that also was void, for failure of consideration.

The judgment of the county court should be affirmed.

MULLIN, J., concurred.

MORGAN, J., did not express any opinion.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 7, 1868. *Foster, Morgan* and *Mullin,* Justices.]